UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,[1]<br><br>          Plaintiff,<br><br>vs.<br><br>IDAHO BOARD OF CORRECTION,<br><br>          Defendant. | Case No. 1:23-cv-00583-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Stephen Floyd Ullrich prepared and signed a prisoner pro se civil rights Complaint seeking class action status in this access-to-courts case. Dkt. 1. He submitted Affidavits of three inmates who believe they have suffered similar damages: Wayne D. Merkley, George Crider, and Roger Ehler. *Id*. Mr. Merkley submitted Mr. Ullrich's Complaint for filing. Dkt. 1-1, p. 2. Mr. Ullrich is subject to a Case Management Order that requires him to seek authorization before filing a new case in federal court. *See* Case 1:20-cv-00035-DCN, *Ullrich v. Idaho State Courts* ("Case 35"). He did not follow his Case 35 Management Order for this filing. Because no other inmate signed the Complaint drafted and signed by Mr. Ullrich, the Court considers it as only Mr. Ullrich's Complaint.

---

[1] Caption corrected by the Court.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

As the Court will explain, because Mr. Ullrich did not comply with the Case Management Order and await a ruling on his Request for Authorization to File, his claims will be dismissed without prejudice. Because Mr. Merkley is already pursuing similar claims in a different pending lawsuit, he will be required to bring all of his claims in that case. If Mr. Crider and Mr. Ehler desire to proceed, they must (1) file a new complaint and (2) pay the filing fee or submit an application to proceed in forma pauperis.

## REVIEW OF COMPLAINT

1. **Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id*. (quoting *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Access-to-courts claims are construed under the First, rather than the Fourteenth, Amendment. In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that prisoners have a fundamental right to access the courts, and that prison officials must provide the means for prisoners to prepare and file meaningful legal papers. Application of *Bounds* was limited by *Lewis v. Casey*, 518 U.S. 343 (1996), and subsequent cases, such as *Christopher v. Harbury*, 536 U.S. 403 (2002).

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Id*. at 412-15. To state a forward-looking access-to-courts claim, the plaintiff must allege facts showing that a prison employee's action is presently denying the plaintiff an opportunity to litigate. *Id*. at 413. This type of claim means that "the opportunity has not been lost for all time … but only in the short term." *Id*. A forward-looking claim is expressly for the purpose of plac[ing] the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*. at 413.

To state a backward-looking access to courts claim alleging that a prisoner suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

including the level of detail necessary "as if it were being independently pursued," *id.* at 417; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that could be brought now or in the future. *Id*. at 415-17.

### 2. Claims of Stephen Ullrich

In Case 35, the federal court entered a "Litigation Management Order" (Dkt. 2) to curb Mr. Ullrich's frivolous and repetitive filings related to his state court conviction. He also has been issued three or more strikes under 28 U.S.C. §1915(g) for having filed previous actions that were deemed frivolous or malicious or that failed to state a claim upon which relief can be granted. *See, e.g., Ullrich v. Idaho*, Case No. 1:08-cv-00076-BLW; *Ullrich v. Canyon County*, Case No. 1:06-cv-00320-EJL; *Ullrich v. Prior*, Case No. 1:06-cv-00500-EJL.[2]

Mr. Ullrich must also work under a separate pre-filing review order issued by the United States Court of Appeals for the Ninth Circuit in appellate Case No. 17-80090, *In*

---

[2] In Case 35, Chief United States District Judge David C. Nye noted that, as of 2020, Plaintiff had filed nine federal habeas corpus or mandamus matters to attempt to challenge his 1999 conviction, and 33 federal civil rights actions in federal court, many of which collaterally challenged his 1999 criminal conviction. These numbers did not include similar actions filed in state court. Judge Nye noted that "Plaintiff's filings take up a tremendous amount of judicial time and resources," and that "[t]he law is clear that—no matter how strongly Plaintiff feels about the wrongfulness of his current conviction and sentence—he is not permitted to litigate the same issue over and over again in state court or in federal court, especially given his status as a vexatious litigant in state court, the federal district court, and the federal court of appeals." Dkt. 2, p. 6, in Case 35.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

*re Stephen Ullrich*. In regard to Mr. Ullrich's many appellate filings, the Ninth Circuit Court of Appeals quoted United States Supreme Court precedent governing this issue:

> The Supreme Court has recognized that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of the [appellants'] frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989).

*In re Stephen Ullrich*, Case 17-80090 (9th Cir. 2017), Dkt. 2, p. 2.

According to the Case Management Order in Case 35, Mr. Ullrich is required to file a "Request for Authorization for Filing" of no more than three pages that must state all of the following: the federal legal basis for the cause of action Plaintiff desires to bring, the defendants Plaintiff desires to sue, the facts supporting the cause of action, and the reason why it meets the "imminent danger of serious physical injury" requirement of 28 U.S.C.§ 1915(g). When the federal court receives a request from Mr. Ullrich, the Clerk of Court will conditionally file it, and Mr. Ullrich is not authorized to make any further filings unless the Court authorizes him to do so. *See* Dkt. 2 in Case 35.

Mr. Ullrich's claims will be dismissed. His attempt to use other prisoners to bypass his Litigation Case Management Order is improper. In addition, none of the prison affidavits submitted states a cognizable access to courts claim; each is too vague to be actionable, and therefore together they cannot form the basis of a class action lawsuit.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

3. **Claims of George Crider**

Plaintiff George Crider states in his Affidavit: "I have needed access to courts for years, but there is no way I can get into Court because I am mentally ill and there is no one to help me, and this is wrong to happen." There is no inkling of what type of claims Mr. Crider has or when or how he attempted to bring them. Mr. Crider has not stated whether he previously filed grievances to notify prison officials that he was unable to file a court action so that they could remedy any deficiency in the prison legal resource system.[3] Mr. Crider may obtain a form complaint and an in forma pauperis application from the prison legal resource center. Mr. Crider must state specific facts showing the claims he desired to but could not bring, including the "who, what, when, where, why, and how" of each claim. If Mr. Crider needs the help of a scribe, he may ask the prison legal resource center to provide him with that service. Mr. Crider will be permitted to take advantage of the earlier filing date of this action if the claims he brings in any new complaint relate back to those in this Complaint.

---

[3] It is unclear whether any inmate here has exhausted his administrative remedies for each of his claims. This is a necessary pre-requisite to bringing his claims in federal court. The Court cannot require plaintiffs to state in their amended pleadings whether they have exhausted administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 200 (2007). But each plaintiff should be aware that the defendants can seek dismissal of his claims at a later date if he failed to exhaust his claims prior to filing. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

### 4. Claims of Wayne Douglas Merkley

Plaintiff Wayne Douglas Merkley states by Affidavit that he has "always wanted to challenge [his] conviction, sentence, and conditions of confinement," but his mental illness has prevented him from doing so. Dkt. 1, p. 19. However, Mr. Merkley has filed many actions in the federal court, demonstrating that he *has* had access to the courts. *See* Case 1:14-cv-00463-CWD, *Merkley v. State of Idaho*; Case 1:16-CV-00085-BLW, *Hogue, Merkley, et al., v. Corizon Health Services, LLC*; Case 1:18-cv-00141-BLW, *Coffelt, Merkley, et al., v. Idaho Department of Correction, et al.*; and Case 1:22-cv-00188-BLW, *Merkley v. Idaho Board of Correction, et al*.

In addition, Mr. Merkley currently has an ongoing action in Case No. 23-cv-00207-AKB, *Merkley v. Idaho Board of Correction* ("Case 207"). He will be required to pursue his claims in Case 207, not in Mr. Ullrich's action here. Mr. Merkley's "Motion for Removal" filed in this action will be stricken as legally and factually inappropriate. Dkt. 3.

### 5. Claims of Roger Ehler

Plaintiff Roger Ehler states by Affidavit that "once I was incarcerated I wanted to challenge my conviction but I was not per-se competent so I could not pursue said upon my own and had no one to help me." Dkt. 1, p. 20. Mr. Ehler was incarcerated in 2013, over a decade ago. He alleges that he has diminished capacity issues but desires to return to court to challenge his conviction. He recently found an inmate to help him with his claims, and he is going to try to prepare and file an action in court. These allegations

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

show that it is unclear whether Mr. Ehler has any remedies left; if he does, he cannot state an access-to-courts violation here. *See Christopher*, 536 U.S. at 415-17.

Mr. Ehler has not stated whether he previously filed grievances to notify prison officials that he was unable to file a court action so that they could remedy any deficiency in the prison legal resource system. Mr. Ehler should have filed grievances about his inability to access the courts shortly after his conviction in 2013, and filed suit directly after exhaustion of administrative remedies if the problems were not cured, rather than bringing a lawsuit a decade later. The prison grievance system exists for the purpose of solving prisoner problems at the time the problems are occurring. Mr. Ehler can obtain a complaint form and an in forma pauperis application from the prison legal resource center. If Mr. Ehler desires to provide further facts to support an access to courts claim, he may do so by filing his own new action. If he needs the help of a scribe, he may ask the prison legal resource center to provide him with that service. Mr. Ehler will be permitted to take advantage of the earlier filing date of this action if the claims he brings in any new complaint relate back to those in this Complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff Stephen Ullrich's claims are DISMISSED without prejudice.
2. Mr. Merkley's Motion for Removal (Dkt. 3) is STRICKEN. He must bring all his claims in his pending action, Case 207.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

3. Should Mr. Crider or Mr. Ehler desire to pursue a civil rights action, they shall file a new complaint form and an in forma pauperis application, available to them in the prison legal resource center. Any new complaint shall be opened under a new case number.

4. The Clerk of Court shall enter Judgment and close this case.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge